# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

INTER-MED INC.,

    Plaintiff,

v.                                                                              Case No. 09-CV-383

ASI MEDICAL INC.,
JOHN McPEEK,

    Defendants.

# DECISION AND ORDER

## NATURE OF CASE

The plaintiff instituted this action on April 14, 2009, and amended its complaint on August 31, 2009. The plaintiff alleges that the defendants are infringing a patent assigned to it. The plaintiff has filed a motion for a protective order to govern this litigation only as it relates to the defendant ASI Medical. (Docket #35). The defendant does not dispute the need for a protective order, but does dispute one provision in the plaintiff's proposed order. This motion is ready for resolution and will be addressed herein.

## MOTION FOR A PROTECTIVE ORDER[1]

The parties agree that a protective order is necessary to prevent public disclosure of certain confidential information belonging to each party during the course of this litigation. In

---

[1] According to the defendant, the parties agreed in a November 9, 2009, telephone call that the copies of the parties' proposed protective orders that were attached to the defendant's response are correct. Therefore, this court refers only to the proposed protective orders attached as Exhibits 1, 2, and 3 to the defendant's response. See Defendant's Response to Plaintiff's Motion for Entry of a Protective Order (Defendant's Response) at 1, n. 1. (Docket #39).

fact, the parties agree on all terms of a proposed protective order except for whether their respective "profitability and pricing information" may be designated as "confidential" or as "highly confidential – attorneys' eyes only." (Plaintiff's Brief in Support of Motion for Entry of a Protective Order [Plaintiff's Brief] at 1). According to the undisputed terms of the proposed protective orders provided by each party, information designated as "confidential" or as "highly confidential – attorneys' eyes only" may be disclosed only to a limited group of persons. For "confidential" information, this group includes not more than three employees of the other party, provided that certain other conditions are met. For "highly confidential – attorneys' eyes only" information, this group does not include any employees of the opposing party.

The plaintiff asserts that profitability and pricing information, "as it relates to the accused devices and [the plaintiff's] commercial embodiments of structures covered by [the relevant] patent" should be designated as "confidential." (Defendant's Response to Plaintiff's Motion for Entry of a Protective Order [Defendant's Response], Exh. 2 at 2). The plaintiff contends that its counsel must share this information with the plaintiff in order to best inform the plaintiff about "what is at stake in the case." (Plaintiff's Brief at 2). According to the plaintiff, this information also is necessary for the plaintiff and its attorneys to discuss damages or potential settlement terms. The plaintiff agrees, however, that such information unrelated to the accused devices and the relevant patent should be designated as "highly confidential – attorneys' eyes only." Id. at 3.

The defendant does not dispute that certain profitability and pricing information may be relevant to this case and therefore, discoverable. However, the defendant maintains that profitability and pricing information of any kind should be designated as "highly confidential – attorneys' eyes only." The defendant asserts that the parties "are direct competitors in a very

niche market of dental products." (Defendant's Response at 1). As such, the defendant maintains that disclosure of the defendant's pricing and profit information to the plaintiff "is akin to industrial espionage." Id. at 1-2. The defendant also maintains that if the plaintiff's position is adopted by this court, competitors will be more likely to file tenuous lawsuits simply to obtain competitive secrets. Finally, in response to the plaintiff's contention that this information is necessary to discuss settlement or damages, the defendant notes that the parties' settlement discussions to date have been unsuccessful and that settlement is very unlikely. According to the defendant, if the case proceeds to trial and if its pricing and profit information will be the subject of testimony, only then should the court and the parties address how this highly sensitive information should be made public or quasi-public.

Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of discovery-related protective orders and permits parties to move for protective orders for "good cause shown." Fed. R. Civ. P. 26(c). The court of appeals for this circuit has held that "[e]ven if the parties agree that a protective order should be entered, they still have 'the burden of showing that good cause exists for issuance of that order.'" Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994) (quoting Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 [1st Cir. 1988]).

"In deciding whether to issue a stipulated protective order, the district court must independently determine if 'good cause' exists." Jepson, 30 F.3d at 858. To determine whether good cause exists, the court is required to balance the potential harm to litigants' interests against the public's right to obtain information concerning judicial proceedings. The court does not necessarily have to determine good cause on a document-by-document basis. See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 946 (7th Cir.

- 3 -

1999). However, the parties must show "that disclosure will work a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3rd Cir. 1994).

Here, the parties agree that a protective order is necessary and the court finds that the parties have met their burden of establishing good cause for entry of a protective order. The only issue that must be resolved is which of the proposed definitions of "confidential" and "highly confidential – attorneys' eyes only" should be adopted by this court. Under the plaintiff's proposed protective order, some employees of the plaintiff would have access to the defendant's pricing and profit information. More importantly, this pricing and profit information would pertain to products that are directly competitive with at least one of the plaintiff's products in a narrow market. It is conceivable that such information "would allow [the plaintiff] to determine how aggressively it should price its products," which could result in significant commercial detriment to the defendant. Brunswick Corp. v. Jones, 784 F.2d 271, 275 (7th Cir. 1986). Under these circumstances, allowing the plaintiff to obtain the defendant's confidential commercial information could provide a significant competitive advantage to the plaintiff.

Under the defendant's proposed protective order, the defendant's pricing and profit information would still be accessible to the plaintiff's attorneys and a small number of persons necessary to the litigation. Information would be disclosed to the extent needed for this litigation to proceed, but each party's confidential commercial information would be protected from broader disclosure. In response to the plaintiff's contention that it must have access to the defendant's pricing and profit information so that it may discuss settlement or damages with its counsel, this kind of information often has been determined to be "highly confidential – attorneys' eyes only" material in similar intellectual property cases. See e.g. Kimberly-Clark Corp. v.Tyco Healthcare Retail Group, Inc., 2006 U.S. Dist. LEXIS 30689 (E.D. Wis. April 6,

2006); A Major Difference, Inc. v. Wellspring Products, LLC, 243 F.R.D. 415, 416-418 (D. Colo. 2006); Avocent Redmond Corp. v. Rose Electronics, Inc., 242 F.R.D. 574, 575-576 (W.D. Wash. 2007).

Accordingly, for the reasons stated herein, the court concludes that such price and profit information, whether related or unrelated to the accused devices and the patent at issue, should be designated as "highly confidential – attorneys' eyes only" as set forth in the defendant's proposed protective order. The parties shall submit to the court a revised stipulated protective order which complies with this order. Such submission shall be filed on or before July 15, 2010.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for entry of a its protective order be and hereby is **denied**. (Docket #35).

**IT IS FURTHER ORDERED** that the parties shall submit a revised stipulated protective order for the court's signature which comports with this order on or before **July 15, 2010**.

Dated at Milwaukee, Wisconsin this 1st day of July, 2010.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge