**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

INTER-MED, INC.,

    Plaintiff,

    v.                                              Case No. 09-CV-383

ASI MEDICAL, INC.,
JOHN MCPEEK,

    Defendants.

## DECISION AND ORDER

Plaintiff Inter-Med, Inc., commenced this action on April 14, 2009, alleging that defendant ASI Medical, Inc., infringed its patent, U.S. Pat. No. 6,464,498 (the '498 patent). The plaintiff amended its complaint on August 31, 2009, adding John McPeek as a defendant. The plaintiff has filed a motion to compel discovery, seeking an order compelling the defendant ASI Medical (defendant) to produce documents. (Docket # 42). Defendant ASI has filed a response to the plaintiff's motion and also filed a motion to file a surreply brief in opposition to that motion to compel. (Docket # 58). These motions will be addressed herein.

## MOTION TO FILE A SURREPLY

As an initial matter, the defendant has moved this court for leave to file a surreply to Plaintiff's Reply Brief in Support of its Motion to Compel. The defendant asserts that its surreply is necessary to "correct and clarify certain misstatements and misrepresentations" in the plaintiff's reply brief in support of its motion. (Defendant ASI's Surreply Brief in

Opposition to Plaintiff's Motion to Compel [Surreply Brief] at 1). Upon due consideration, defendant ASI's motion to file a surreply brief will be granted.

## MOTION TO COMPEL DISCOVERY

At the outset, the court notes that the defendant maintains that the plaintiff's motion to compel should be denied because the plaintiff failed to confer with it before filing the motion as required by Civil Local Rule 37 (E.D. Wis.). Although the plaintiff did not set forth all the information required in Civil L.R. 37, its submission indicated that efforts had been made to resolve the discovery dispute with the defendant. Under the circumstances of this case, the court will not deny the plaintiff's motion to compel for failure to comply with Civil L.R. 37 as requested by the defendant.

In support of its motion to compel, the plaintiff asserts that the defendant's responses to Document Request Nos. 11, 12, 15, 21,[1] 27, 30, 35, 88, and 89, are inadequate. In addition, the plaintiff asserts that the defendant has failed to adequately supplement the responses despite repeated requests and correspondence between the parties on this issue. The plaintiff also seeks an order pursuant to Fed. R. Civ. P. 37(a)(5)(A) compelling the defendant to pay its reasonable expenses, including attorney's fees, incurred in bringing this motion.

To the contrary, the defendant maintains that for each of the contested document requests, it has either produced everything requested or that its objections are proper. The defendant also contends that the plaintiff unnecessarily filed this motion, because it had

---

[1] The initial briefs filed by the parties addressed the plaintiff's challenge to the defendants' response to Document Request No. 21. However, the plaintiff's reply brief and defendant ASI's surreply brief discuss Document Request No. 20, not 21. Document Requests No. 20 and 21 are virtually the same. Neither party seems to have noticed the discrepancy. The court will address Document Request 21 as initially briefed by the parties.

- 2 -

indicated to the plaintiff prior to the filing that its responses were forthcoming. Therefore, the defendant seeks an order compelling the plaintiff to pay its reasonable expenses and attorney's fees incurred in responding to this motion, pursuant to Fed. R. Civ. P. 37(a)(5)(B).

According to the parties' briefs, after the plaintiff filed this motion the defendant produced documents that fulfill Document Request Nos. 15, 21, 27, and 30. Therefore, this court considers this motion moot with respect to these requests. Document Request Nos. 11, 12, 35, 88, and 89 will be addressed in turn.

**Document Request No. 11** requests "[a]ll documents that relate to the design of negative pressure irrigation devices sold, offered for sale, or manufactured by ASI." (Plaintiff's Memorandum in Support of its Motion to Compel Discovery [Plaintiff's Brief] at 6). The plaintiff maintains that the defendant has failed to produce any relevant documents and is being evasive. In support, the plaintiff points to two documents which the plaintiff believes indicate that the defendant has modified the accused device. The plaintiff asserts that blueprints, drawings, and/or documents related to these modifications must exist and requests their production.

The defendant states that it has produced all relevant documents, including hand drawn sketches of the product design. According to the defendant, blueprints or engineering drawings of the accused device do not exist because the device is manufactured by a third party who created it by modifying a pre-existing device of the defendant's. The manufacturer made these modifications based on telephone conversations with the defendant and, as far as the defendant is aware, never made any engineering drawings or blueprints of any kind. The defendant maintains that the plaintiff is misunderstanding the documents it points to as evidence of modifications. One document is an email between two of the plaintiff's employees

the meaning of which is unclear, and the second is an email exchange between the plaintiff and the defendant regarding the defendant's positive pressure device, not the accused product. The defendant also has offered to allow the plaintiff to inspect and review an actual accused device, but as of the date of the defendant's response, the plaintiff had not availed itself of this offer. (Defendant's Response to Plaintiff's Motion to Compel Discovery [Defendant's Response] at 8 n. 1].

The defendant cannot produce documents which do not exist. Mere "[s]peculation that there is more will not suffice." Hubbard v. Potter, 247 F.R.D. 27, 29 (D.D.C. 2008). Therefore, the motion to compel will be denied with respect to Document Request No. 11.

**Document Request No. 12** asks for "[a]ll documents that relate to the packaging of negative pressure irrigation devices sold, offered for sale, or manufactured by ASI." (Plaintiff's Brief at 8). The plaintiff states in its brief that such documents include "invoices, warranties, directions for use and assembly, and other necessary information related to a device that is being sold." Id. The plaintiff contends that the defendant has failed to supply relevant documents and is avoiding a full response to a clear request.

The defendant maintains that it fully responded to the request by stating that the accused device is "packaged in bubble wrap," rather than separately packaged. (Defendant's Response at 8). The defendant asserts that the plaintiff never clarified that it was seeking warranties, invoices, and directions until it filed this motion. The defendant also points out that all invoices have been provided in response to other requests.

This court finds that it was not unreasonable of the defendant to interpret the document request as pertaining only to the packaging of the accused device and not to include materials such as warranties, invoices, and directions for assembly and use. Therefore, the motion to

- 4 -

compel will be denied with respect to Document Request No. 12. The plaintiff will be given a reasonable opportunity to clarify and to submit an amended request to produce.

**Document Request No. 35** asks for "[a]ll documents that relate to the development of negative pressure irrigation devices by ASI, including, but not limited to, the process and equipment for making the same, and cost of said manufacture." (Plaintiff's Brief at 13). The plaintiff contends that the defendant has not completely responded, because the defendant merely produced hand-drawn sketches of the accused device. As further support, the plaintiff points to one of the defendant's advertisements, which the plaintiff states shows the accused device with a different design than that presently offered by the defendant. In addition, the plaintiff states that the defendant spent two years designing the accused device and, therefore, the defendant must have further design materials and documents which show why the design of the accused device was changed.

The defendant maintains that it has produced all relevant documents. In addition to the sketches of the accused device, the defendant stated in its response that it would produce documents regarding the cost of manufacture for attorneys' eyes only at a mutually convenient time and place. The defendant states that none of the devices in the advertisement supplied by the plaintiff is the accused negative pressure irrigation device. The defendant reiterates that a third party manufacturer designed the accused device based on a telephone call with the defendant and that, to the defendant's knowledge, the manufacturer did so without creating any drawings or blueprints. The defendant also states that there was "only about a year" between the time the defendant decided to make such a device and the time the accused product was introduced into the marketplace, not the two years stated by the plaintiff. (Surreply Brief at 12).

- 5 -

This dispute is similar to the dispute regarding Document Request No. 11. The defendant cannot produce documents which do not exist. Mere "[s]peculation that there is more will not suffice." Hubbard, 247 F.R.D. at 29. Therefore, the motion to compel will be denied with respect to Document Request No. 35.

**Document Request No. 88** seeks "[a] copy of each magazine or journal, newspaper and other printed publication, any video or audio advertisements or promotional materials in which Defendant has used any of the words 'negative pressure irrigation device.'" (Plaintiff's Brief at 15). The plaintiff states that the defendant has not produced any relevant documents. The plaintiff contends that any advertising which contains any of these words is relevant and states that the defendant has never purported to have an unmanageable amount of advertising materials to review.

In objecting to this request, the defendant states that it is unduly burdensome for it "to try to determine which of its various marketing and advertising materials used the word 'negative,' the word 'pressure,' the word 'irrigation,' or the word 'device.'" (Defendant's Response at 12). The defendant maintains that if the plaintiff intended to request advertising material which included the phrase "negative pressure irrigation device," the defendant would produce documents in response to a properly amended request.

The court finds that a request for any advertisement or marketing materials which contain any of four words is unduly burdensome and overly broad. The request as worded could encompass advertising that is wholly unrelated to the accused device. Therefore, the motion to compel will be denied with respect to Document Request No. 88. The plaintiff will be afforded a reasonable opportunity to amend the request.

**Document Request No. 89** asks for "[a] copy of each magazine or journal, newspaper and other printed publication, any video or audio advertisements or promotional materials in which Defendant has used 'Irrivac.'" (Plaintiff's Brief at 16). The plaintiff contends that the defendant has not produced any relevant documents and maintains that this request is proper because the accused device is used and marketed as part of an integrated "Irrivac" system. In addition, the defendant has acknowledged that the accused device was based on its positive pressure device. As such, the plaintiff maintains that all advertising related to the "Irrivac" system or the positive pressure device is relevant to this suit.

The defendant objects to this document request as overly broad and unduly burdensome, asserting that it sells several products under the "Irrivac" name, most of which are not the subject of a claim in this action. The defendant asserts that many of these other products have been available for a number of years, while the accused product has only been available since the fall of 2008. Therefore, the defendant maintains that this request "encompasses products and time periods that have nothing to do with the present lawsuit." (Defendant's Response at 13).

The plaintiff's request is overly broad with no set time frame for the advertising documents requested. A more targeted amended request for marketing and advertising materials could resolve the problem. Therefore, the plaintiff will be provided a resaonable opportunity to amend this document request. The amended request should be temporally limited to encompass only those advertisements relevant to the claims in this action or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

- 7 -

Case 2:09-cv-00383-PJG    Filed 07/19/10    Page 7 of 9    Document 69

Both parties seek an order compelling the other party to pay its reasonable expenses in bringing or responding to the motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A) and (B). Although the court did not grant the motion to compel with respect to several of the disputed document requests, it appears that the defendant did not respond fully to several requests until after this motion was filed. In addition, while the defendant had promised to respond, the defendant failed to provide an estimated timeline for such response to the plaintiff. Even in the absence of an established discovery deadline, Fed. R. Civ. P. 34(b)(2)(A) requires a party to whom the document request is directed to respond "in writing within 30 days after being served."

However, the court also notes that several of the plaintiff's document requests were not clearly crafted and its correspondence to the defendant seeking supplemental responses was not always clear. The defendant repeatedly requested the plaintiff to elaborate upon its reasons for finding the initial responses inadequate. There appears to have been a breakdown of clear communication between the parties to resolve this discovery dispute. Under the circumstances, the parties' requests for awards of costs and fees will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to file a surreply in opposition to the plaintiff's motion to compel be and hereby is **granted**. (Docket # 58).

**IT IS ALSO ORDERED** that the plaintiff's motion to compel discovery with respect to Document Request Nos. 15, 21, 27, and 30, be and hereby is **denied as moot**. (Docket # 42).

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery with respect to the remaining document requests be and hereby is **granted** in part and **denied** in part as stated herein. (Docket # 42).

**IT IS FURTHER ORDERED** that the plaintiff may provide the defendant with amended Document Request Nos. 12, 88, and 89, that comply with this order on or before **July 30, 2010**.

**IT IS FURTHER ORDERED** that, if the plaintiff files the amended document requests, the defendant must respond to these amended document requests on or before **August 30, 2010.**

**IT IS FURTHER ORDERED** that the plaintiff's requests for an award of costs and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) be and hereby is **denied**. (Docket # 43).

**IT IS ALSO ORDERED** that the defendant's request for an award of costs and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(B) be and hereby is **denied**. (Docket # 48).

Dated at Milwaukee, Wisconsin this 19th day of July, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge