UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INTER-MED, INC.,

    Plaintiff,

    v.                                         Case No. 09-CV-383

ASI MEDICAL, INC. and
JOHN MCPEEK,

    Defendants.

## DECISION AND ORDER

### NATURE OF CASE

The plaintiff, Inter-Med, Inc., filed this action on April 14, 2009, alleging that defendant ASI Medical, Inc. had infringed a patent assigned to Inter-Med covering an "Irrigation Aspiration Device." (Complaint at 2). The plaintiff claims that ASI Medical "manufactures, offers for sale, and sells irrigation devices that infringe at least one claim" of the relevant patent, as well as "manufactures, offers for sale, and sells irrigation devices that cause others to infringe at least one claim" of the same patent. Id. at 6.

On August 31, 2009, the plaintiff amended its complaint to include John McPeek, the president of ASI Medical, as an individual defendant. The amended complaint includes the plaintiff's original claims against ASI Medical and also alleges that defendant McPeek "personally took part in the commission of irrigation devices that infringe at least one claim" of the relevant patent, and that he "personally took part in the commission of irrigation devices that causes other [sic] to infringe at least one claim" of the same patent. (Amended Complaint at 7).

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Defendant ASI Medical admitted in its answer to the amended complaint that venue in this action is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

Defendant McPeek has filed a motion to dismiss the complaint as against him for lack of personal jurisdiction and improper venue, pursuant to Fed. R. Civ. P. 12(b)(2). This motion is fully briefed and will be addressed herein.

## **MOTION TO DISMISS**

The question of whether a court in a patent infringement case has personal jurisdiction over a nonresident defendant must be resolved by applying the law of the Federal Circuit Court of Appeals, rather than the law of the regional circuit in which the case arises. Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001) (quoting Akro Corp. v. Luker, 45 F.3d 1541, 1543 [Fed. Cir. 1995]) ("[W]e apply the law of the Federal Circuit . . . when we determine whether a district court properly declined jurisdiction, because the jurisdictional question . . . is 'intimately involved with the substance of the patent laws.'"). When a court decides a motion to dismiss based on lack of personal jurisdiction without holding an evidentiary hearing, a plaintiff need only make a prima facie showing that the court may exercise personal jurisdiction over the defendant. Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1410 (Fed. Cir. 2009) (citing Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 [Fed. Cir. 2003]). "In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted

- 2 -

allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." Elecs. for Imaging, Inc., v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (citing Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1347 [Fed. Cir. 2002] [other citation omitted]).

**FACTS**

The plaintiff alleges in the amended complaint that defendant McPeek, a Colorado resident, founded defendant ASI Medical in 1993, and is the company's president. Defendant ASI Medical is a Colorado corporation with its principal place of business in Centennial, Colorado. The amended complaint also states that defendant McPeek controls 83% of defendant ASI Medical's stock and "is the sole person in charge of designing products for Defendant ASI." (Amended Complaint, ¶ 8). The amended complaint further alleges: "Upon information and belief, Defendant ASI sells, and offers for sale, medical and dental equipment, particularly irrigation, aspiration, and evacuation devices." Id. ¶ 7. The plaintiff further alleges that defendant McPeek "personally took part in the commission of irrigation devices that infringe at least one claim of the '498 patent" or caused others to infringe at least one claim of that patent. Id. ¶ 52.

Defendant McPeek avers that he resides in Parker, Colorado, and is the president of defendant ASI Medical. He has never been to Wisconsin, nor does he or defendant ASI Medical have an office, own real estate, maintain bank accounts or maintain any employees or agents in Wisconsin, with the exception of counsel in this action. Defendant McPeek avers that defendant ASI Medical "ships all its products from [Centennial, Colorado] and collects all payments for its products at this location." (Declaration of John McPeek in Support of John

- 3 -

McPeek's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Defendant McPeek's Declaration I], ¶ 5).

Defendant McPeek also avers: "Virtually all of ASI's sales activities are handled by sales representatives," and he has "very limited contact with customers seeking to buy ASI's products." Id. ¶ 8. He also avers that he "typically [has] no role in the purchasing of goods and raw materials for ASI. That task is handled by . . . internal purchasing personnel." Id. ¶10. Defendant McPeek further avers that defendant "ASI complies with all corporate formalities including holding annual meetings and maintaining corporate records." (Second Declaration of John McPeek in Support of John McPeek's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [McPeek Declaration II], ¶ 5). He also states that he does "not treat the corporate assets of ASI as [his] own," does not "withdraw capital from the corporation at will," and does not "co-mingle [his] assets with [ASI Medical's] assets." Id. Defendant McPeek was a certified public accountant and uses the principles he learned to prepare and file defendant ASI Medical's tax returns and oversees its bookkeeper who maintains the company's books and records.

## ANALYSIS

In moving to dismiss, defendant McPeek asserts that because he is not subject to personal jurisdiction in this court under federal due process requirements, he cannot be subject to it under Wisconsin's long-arm statute. He also contends that the plaintiff has not properly pled and has not put forth sufficient evidence to support a claim that he is the alter ego of defendant ASI Medical. Therefore, defendant McPeek maintains that he cannot be subject to personal jurisdiction on the basis of ASI Medical's consent to personal jurisdiction in this case. Lastly, defendant McPeek asserts that the plaintiff has not alleged that he knew

of the plaintiff's patent at issue. Accordingly, he contends that "there is no basis on which this Court could find liability for active inducement on the part of defendant McPeek and thus, he cannot be bound by this Court's jurisdiction." (John McPeek's Reply to Plaintiff's Opposition to John McPeek's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Defendant McPeek's Reply Brief] at 7) (emphasis omitted).

In response, the plaintiff makes no substantive federal due process argument related to defendant McPeek's contacts with the State of Wisconsin and its residents. Instead, the plaintiff contends that defendant McPeek is the alter ego of defendant ASI Medical and, as a result, defendant McPeek is bound by defendant ASI Medical's consent to personal jurisdiction. In the alternative, the plaintiff asserts that it has properly pled violations of 35 U.S.C. §§ 271(b) and (c). Specifically, the plaintiff states that defendant McPeek is personally liable for actively inducing ASI Medical's patent infringement and for contributorily infringing the plaintiff's patent by selling or importing a material component of the patented device. The plaintiff contends that because it has alleged that defendant McPeek violated §§ 271(b) and (c), "this Court may properly exercise jurisdiction over [defendant] McPeek, to determine personal liability as officer and director of ASI." (Plaintiff's Response to Defendant McPeek's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Plaintiff's Response Brief] at 7). The plaintiff further contends that "the exercise of personal jurisdiction over [defendant] McPeek is fair and convenient" and that defendant McPeek "has provided no overriding concerns that would render this litigation any more 'inconvenient' to him than if he were not included as a party." Id.

Defendant McPeek also seeks dismissal of the action against him based on improper venue. The defendant argues that he does not reside in Wisconsin, has not committed any

- 5 -

acts of patent infringement in this state, and does not have a regular and established place of business within the state. He contends that as a result, "there is simply no basis for finding venue proper in this district." (John McPeek's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Defendant McPeek's Motion] at 8).

The plaintiff counters that because it has properly pled claims alleging that defendant McPeek is personally liable for defendant ASI Medical's acts of infringement, the venue for these claims may reasonably be based on the venue provisions for the corporation. The plaintiff maintains that because the corporation has consented to venue in this district, its personal liability claims against defendant McPeek are also properly venued in this district.

**Personal Jurisdiction**

Under Federal Circuit law, determining whether personal jurisdiction exists requires a two-part inquiry: (1) Is jurisdiction authorized by the forum state's long-arm statute?; and (2) If so, would exercise of that jurisdiction be consistent with federal due process limitations? Inamed, 249 F.3d at 1359 (citing Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458 [Fed. Cir. 1997]). Both parts of this inquiry must be satisfied before a court may exercise personal jurisdiction over a defendant. See Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003) ("If state law confers jurisdiction, we decide whether the court's exercise of jurisdiction satisfies the requirements of due process.") (citations omitted).

The parties agree that the relevant long-arm statute is Wis. Stat. § 801.05 (2010), which is to be "liberally construed in favor of exercising jurisdiction." Johnson Worldwide Assocs., Inc. v. Brunton Co., 12 F. Supp. 2d 901, 906 (E.D. Wis. 1998) (citing Schroeder v. Raich, 89 Wis. 2d 588, 593, 278 N.W.2d 871, 874 [1979]). Both parties assert that because Wisconsin's long-arm statute is coextensive with the limits of federal due process, the plaintiff can satisfy

the requirements of the Wisconsin long-arm statute by showing that an exercise of personal jurisdiction would satisfy federal due process requirements. However, compliance with the Wisconsin long-arm statute merely "raises a presumption of compliance with due process," which "may be rebutted by a defendant." Lincoln v. Seawright, 104 Wis. 2d 4, 10, 310 N.W.2d 596, 599 (1981). Thus, the plaintiff separately must prove compliance with both the Wisconsin long-arm statute and federal due process. See Engineered Prods. & Servs., Inc. v. Echo Eng'g & Prod., 666 F. Supp. 2d 938, 941-42 (E.D. Wis. 2009) (considering separately the Wisconsin long-arm statute and federal due process requirements); Stayart v. Hance, 305 Wis. 2d 380, 389, 740 N.W.2d 168, 172 (Wis. Ct. App. 2007) (citing Kopke v. Hartrodt S.R.L., 245 Wis. 2d 396, 408-09, 629 N.W.2d 662, 667 [2001]) ("Personal jurisdiction involves a two step inquiry.").

Wisconsin's long-arm statute authorizes the exercise of both specific and general personal jurisdiction over defendants. The statute authorizes specific personal jurisdiction under the following circumstances:

> (3) Local act or omission. In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.
>
> (4) Local injury; foreign act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:
>
>   (a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or
>
>   (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Wis. Stat. §§ 801.05(3), (4).

- 7 -

The Wisconsin long-arm statute grants general personal jurisdiction "[i]n any action whether arising within or without this state, against a defendant who when the action is commenced . . . [i]s engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." Wis. Stat. § 801.05(1)(d). Courts look to five factors when determining whether a defendant's in-state activities qualify as "substantial and not isolated" under § 801.05(1)(d): "(1) the quantity of the contacts; (2) the nature and quality of the contacts; (3) the source of the contacts and their connection with the cause of action; (4) the interests of the State of Wisconsin; and (5) the convenience of the parties." Druschel v. Cloeren, 295 Wis. 2d 858, 865, 723 N.W.2d 430, 434 (Wis. Ct. App. 2006) (citing Nagel v. Crain Cutter Co., 50 Wis. 2d 638, 648-50, 184 N.W.2d 876 [1971]).

If a plaintiff can show that Wisconsin's long-arm statute grants personal jurisdiction over a defendant, then the court must next determine whether an exercise of personal jurisdiction would comport with federal due process. The Federal Circuit has established a three-part test to guide courts in making this determination. Touchcom, Inc., 574 F.3d at 1411. The first prong requires that the defendant "have 'minimum contacts' with the forum state," which "requires a showing that the defendant has 'purposefully directed his activities at residents of the forum.'" Id. (quoting Synthes [U.S.A.] v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico, 563 F.3d 1285, 1297 [Fed. Cir. 2009]) (other citations omitted). The second prong "requires that 'the claim arises out of or relates to the defendant's activities with the forum.'" Id. The third prong requires "a showing that 'assertion of jurisdiction is reasonable and fair.'" Id. A defendant may defeat jurisdiction under this third prong by presenting "'a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"

- 8 -

Breckenridge Pharm, Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1362 (Fed. Cir. 2006) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 [1985]).

In assessing whether the court has personal jurisdiction over defendant McPeek, the court initially must determine whether such jurisdiction is authorized by the Wisconsin long-arm statute. The plaintiff alleges that defendant McPeek "took part in the commission of irrigation devices" that infringe and cause others to infringe at least one claim of the plaintiff's patent. (Amended Complaint, ¶¶ 52, 53). However, the uncontroverted evidence establishes that defendant McPeek has never been to Wisconsin, has no office in Wisconsin and basically has no contacts with the state. Thus, any acts committed by defendant McPeek leading to the alleged infringement or inducement of infringement must have occurred outside this state, eliminating § 801.05(3) – jurisdiction based on a local act – as a basis for personal jurisdiction.

Section 801.05(4) of the Wisconsin statutes also authorizes personal jurisdiction based on an act committed outside this state if the plaintiff can satisfy either of the two additional requirements imposed by the statute. Relative to these requirements, the facts show that no "[s]olicitation or service activities were carried on within this state by or on behalf of" defendant McPeek, as he has no meaningful connections to Wisconsin that would have allowed for such activities. Wis. Stat. § 801.05(4)(a). Similarly, the facts show that no "[p]roducts, materials or things processed, serviced or manufactured by [defendant McPeek] were used or consumed within this state in the ordinary course of trade." Wis. Stat. § 801.05(4)(b). Accordingly, § 801.05(4) does not authorize personal jurisdiction over defendant McPeek.

Finally, § 801.05(1)(d) provides for general personal jurisdiction over a defendant where that defendant's contacts with this state are "substantial and not isolated." The undisputed facts show that defendant McPeek's contacts with Wisconsin are virtually nonexistent and fail

to meet the "substantial and not isolated" requirement of §801.05(1)(d). In light of defendant McPeek's lack of activities and contact with the State of Wisconsin, the plaintiff has not established that the Wisconsin long-arm statute authorizes an exercise of general personal jurisdiction over defendant McPeek.

Thus, based on the uncontroverted evidence, the court lacks personal jurisdiction over defendant McPeek under any of the applicable provision of the Wisconsin long-arm statute. Therefore, this court cannot exercise such jurisdiction and need not consider the second part of the Federal Circuit's personal jurisdiction inquiry. See Silent Drive, Inc., 326 F.3d at 1201.

The court notes that the plaintiff also asserts that "[b]y personally taking part in the design of allegedly contributorily infringing products, it is alleged that [defendant] McPeek actively induced patent infringement, therefore this Court may properly exercise jurisdiction over [defendant] McPeek, to determine personal liability as officer and director of ASI [Medical]." (Plaintiff's Response Brief at 7). However, this argument skips a crucial step. Even if the plaintiff has properly alleged that defendant McPeek induced infringement in violation of 35 U.S.C. § 271(b), it still bears the burden of establishing that defendant McPeek is subject to this court's personal jurisdiction. See Wayne Pigment Corp. v. Halox, 220 F. Supp. 2d 931, 933-36 (E.D. Wis. 2002) (analyzing whether defendant was subject to court's personal jurisdiction on plaintiff's claim of inducing infringement); Pieczenik v. Dyax Corp., 265 F.3d 1329, 1333-36 (Fed. Cir. 2001) (same). Because the Wisconsin long-arm statute contains no provision that would subject defendant McPeek to personal jurisdiction in Wisconsin courts, this court cannot exercise personal jurisdiction over defendant McPeek for the plaintiff's claims of inducing infringement.

**Alter Ego Jurisdiction**

A court may exercise personal jurisdiction over a corporate officer by piercing the corporate veil of the officer's employer under the alter ego doctrine, allowing the court to attribute the corporation's actions to the officer when determining whether personal jurisdiction exists. See Minn. Mining & Mfg. Co., v. Eco Chem, Inc., 757 F.2d 1256, 1265 (Fed. Cir. 1985); Taurus IP v. DaimlerChrysler Corp., 519 F. Supp. 2d 905, 919 (W.D. Wis. 2007) (citing IDS Life Ins. Co. v. SunAmerica Life Ins. Co., 136 F.3d 537, 540 [7th Cir. 1998]). Although "[t]he alter ego doctrine and related doctrines are typically employed to pierce the corporate veil or disregard a corporate fiction to reach a controlling entity" for liability purposes, these doctrines are also "relevant to . . . personal jurisdiction." Taurus IP, 519 F. Supp. 2d at 918-19 (citing IDS Life Ins. Co. v. SunAmerica Life. Ins. Co., 136 F.3d 537, 540 [7th Cir. 1998]).

The Federal Circuit has held that because the alter ego determination "is not unique to patent law," a district court should apply the law of the regional circuit in which it sits when performing an alter ego analysis. Wechsler v. Macke Intern. Trade, Inc., 486 F.3d 1286, 1295 (Fed. Cir. 2007). In this circuit, "[e]fforts to pierce the corporate veil," including the alter ego doctrine, "are governed by the law of the state of incorporation." Stromberg Metal Works, Inc. v. Press Mech., Inc., 77 F.3d 928, 933 (7th Cir. 1996); see also, Taurus IP, 519 F. Supp. 2d at 919 ("A court should look to the state of incorporation of the veiled entity to determine when and whether the corporate form should be disregarded.").

In this case, the veiled entity is defendant ASI Medical, which is incorporated in the State of Colorado. Therefore, the court will apply Colorado law to determine whether defendant McPeek is the alter ego of defendant ASI Medical, allowing the court to pierce ASI Medical's corporate veil and exercise personal jurisdiction over defendant McPeek.

Under Colorado law, "[t]o determine whether it is appropriate to pierce the corporate veil, a court must make a three-part inquiry." McCallum Family L.L.C. v. Winger, 221 P.3d 69, 74 (Colo. Ct. App. 2009) (citing In re Phillips, 139 P.3d 639, 644 [Colo. 2006]; Micciche v. Billings, 727 P.2d 367, 372-73 [Colo. 1986]). First, the court "must determine whether the corporate entity is the 'alter ego' of the person or entity in issue." Winger, 221 P.3d at 74 (citations omitted). "An alter ego relationship exists when the corporation is a 'mere instrumentality for the transaction of the shareholders' own affairs, and there is such a unity of interest in ownership that the separate personalities of the corporation and the owners no longer exist.'" In re Phillips, 139 P.3d 639, 644 (Colo. 2006) (quoting Krystkowiak v. W.O. Brisben Co., Inc., 90 P.3d 859, 867 n.7 [Colo. 2004]).

In making the alter ego determination, courts may consider several factors, including whether

> (1) the corporation is operated as a distinct business entity; (2) funds and assets are commingled; (3) adequate corporate records are maintained; (4) the nature and form of the entity's ownership and control facilitate misuse by an insider; (5) the business is thinly capitalized; (6) the corporation is used as a 'mere shell'; (7) legal formalities are disregarded; and (8) corporate funds or assets are used for noncorporate purposes.

Winger, 223 P.3d at 74 (citations omitted). It is not necessary to show all of the factors, and the court should examine the facts of each particular case. Id. (citations omitted).

Second, the court "must determine whether justice requires recognizing the substance of the relationship between the person or entity sought to be held liable and the corporation over the form because the corporate fiction was 'used to perpetrate a fraud or defeat a rightful claim.'" Id. (quoting Phillips, 139 P.3d at 644). Third, the court "must consider whether an equitable result will be achieved by disregarding the corporate form and holding a shareholder

- 12 -

or other insider personally liable for the acts of the business entity." Winger, 221 P.3d at 74 (citations omitted). "All three prongs of the analysis must be satisfied" in order to pierce the corporate veil. Id. "The paramount goal of piercing the corporate veil is to achieve an equitable result." Id. (citations omitted).

Under Colorado law, the initial question the court must consider in deciding whether to pierce ASI Medical's corporate veil is whether defendant ASI Medical is the alter ego of defendant McPeek. To make the alter ego determination, the court may consider several factors, including whether defendant ASI Medical operates as a distinct business entity and whether its corporate funds and assets are commingled with defendant McPeek's personal affairs. The relevant uncontroverted facts establish that defendant McPeek consistently delegates corporate activities to other employees, including customer sales and the purchasing of goods and raw materials. Furthermore, the plaintiff has provided no evidence to contradict defendant McPeek's sworn statements that he has not usurped defendant ASI Medical's capital or other corporate assets, and that he has consistently separated his own assets and financial affairs from those of defendant ASI Medical.

The court may also consider whether defendant ASI Medical maintains adequate corporate records, as well as whether the company disregards any applicable legal formalities. Defendant McPeek avers that defendant ASI Medical employs a bookkeeper who maintains the company's books and records. The company's corporate records are kept at ASI Medical's corporate office. Additionally, the plaintiff has produced no evidence of any specific legal formalities defendant ASI Medical has disregarded. Although the plaintiff states that defendant McPeek personally prepares the company's tax returns and that no independent reviewer audits the company's financial records, it has pointed to no legal obligation on the

- 13 -

part of defendant ASI Medical to hire either an independent tax preparer or an auditor. Moreover, defendant McPeek is a former certified public accountant and relies on his past experience in preparing the company's tax returns.

The court also may consider whether defendant ASI Medical was thinly capitalized and whether it is used as a mere shell, with defendant McPeek using the corporation solely to manage and perform his own affairs. Defendant McPeek avers that he does not treat defendant ASI Medical's assets as his own, nor does he withdraw capital at will or mingle his assets with those of the corporation. There is no evidence in the record to show that defendant McPeek uses defendant ASI Medical for anything other than the operation of a legitimate, closely held small business. The company has several employees, holds annual meetings, has corporate structures in place for purchasing and sales activities, and maintains corporate minutes and records. all of which are consistent with a corporation of actual substance, rather than merely form.

The final factors a court may consider are whether the nature and form of defendant ASI Medical's ownership and control facilitate misuse by an insider and whether its corporate funds and assets are used for noncorporate purposes. Although defendant McPeek and his wife are the majority stockholders and defendant McPeek is the president, the company has additional stockholders and holds and maintains records of annual shareholders' meetings, There is no evidence to suggest that defendant McPeek has abused his position with the company by appropriating corporate funds and assets for non-corporate purposes.

In sum, the uncontroverted facts show that the plaintiff has not established any of the factors the Colorado courts have identified as relevant to the <u>alter</u> <u>ego</u> determination. Thus, the first element of Colorado's test for piercing the corporate veil has not been shown  In light

of this finding, defendant ASI Medical's consent to this court's personal jurisdiction cannot be imputed to defendant McPeek.

In sum, the court finds that the Wisconsin long-arm statute does not grant a Wisconsin court personal jurisdiction over defendant McPeek. The court further finds that the plaintiff has not established that defendant McPeek is the <u>alter</u> <u>ego</u> of defendant ASI Medical. Because the court finds no basis for exercising personal jurisdiction over defendant McPeek, his motion to dismiss the complaint for lack of personal jurisdiction will be granted. Additionally, because the court lacks personal jurisdiction over defendant McPeek, it need not address the part of is motion seeking dismissal based on improper venue.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant John McPeek's motion to dismiss for lack of personal jurisdiction and improper venue be and hereby is **granted**. (Docket #31).

**IT IS FURTHER ORDERED** that John McPeek be and hereby is dismissed as a defendant.

Dated at Milwaukee, Wisconsin this <u>2nd</u> day of August, 2010.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge